UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KERYN GOYNES                                                     CIVIL ACTION

VERSUS

UNITED STATES OF AMERICA               NO.: 3:12-cv-00430-BAJ-SCR

### RULING AND ORDER

Before the Court is Petitioner Keryn Goynes's **MOTION FOR RECONSIDERATION OR MOTION FOR CERTIFICATE OF APPEALABILITY (Doc. 105).** Goynes requests that this Court reconsider its earlier Order denying her petition for habeas corpus under 28 U.S.C. § 2255 (Doc. 102) in light of the U.S. Supreme Court's decisions in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Peugh v. United States*, 133 S. Ct. 2072 (2013). (Doc. 105 at pp. 2–6). In the alternative, Goynes requests a certificate of appealability so that she can pursue these arguments, and other arguments raised in her § 2255 petition, on appeal. (*Id.* at p. 6). For the following reasons, Goynes's Motion is DENIED.

Although Goynes does not style it as such, this Court treats her Motion for Reconsideration as a timely Motion to Alter or Amend a Judgment under Fed. R. Civ. P. 59. Here, Goynes's Motion fails because she has not "clearly establish[ed] either a manifest error of law or fact," or "present[ed] newly discovered evidence" that calls into question this Court's prior rejection of her habeas petition. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Quite simply, Goynes's

reliance on *Alleyne* and *Peugh* is misplaced. In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2155. Goynes, however, does not complain that her statutory sentencing provisions were affected by a fact not submitted to the jury. Instead, she complains about the sentencing judge's refusal to grant her request for a downward departure from her advisory U.S. Sentencing Guidelines range based on her acceptance of responsibility. (*See* Doc. 105 at pp. 1–2; *see also* Doc. 103 at p. 4–5; Doc. 56 at pp. 3–8). Thus, the Supreme Court's holding in *Alleyne* is not relevant here.

*Peugh* is equally inapplicable. *Peugh* held that the Ex Post Facto Clause is violated when a defendant is sentenced under a version of the U.S. Sentencing Guidelines not in effect at the time she committed her offense. *See Peugh*, 133 S. Ct. at 2081–83. Here, Goynes has produced no evidence that she was sentenced according to a version of the Sentencing Guidelines not in effect when she committed her bank fraud offenses. (*See generally* Doc. 105; Doc. 103).

In sum, Goynes has failed to meet the necessary criteria to warrant relief under Rule 59. *See Simon*, 891 F.2d at 1159. Accordingly, this Court **DENIES** Goynes's **MOTION (Doc. 105)** to the extent that it requests reconsideration of its order denying her petition for habeas corpus. Further, this Court **DENIES** Goynes's **Motion (Doc. 105)** to the extent that it requests a certificate of appealability because, for reasons explained here and in the Magistrate Judge's

2

Report recommending that her habeas petition be denied (Doc. 93), Goynes has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

Baton Rouge, Louisiana, this 18th day of October, 2013.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**